# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristin M. Carlson, | |
| Plaintiff, | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| v. | |
| Stellar Recovery, Inc., | |
| Defendant. | |

## INTRODUCTION

1.     This is an action for damages brought by Kristin M. Carlson against Stellar Recovery, Inc., for its repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), Telephone Consumer Protection Act, 15 U.S.C. §227 *et seq*. ("TCPA"), Minnesota Auto-Dialing-Announcing Device Act, Minn. Stat. §325E.26-.31, invasions of privacy and negligence.

## JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367.

3.     Venue is proper in this district because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendant transacts business within Minnesota.

## PARTIES

4.      Plaintiff, Kristin M. Carlson, is a natural person residing in the City of Bloomington, County of Hennepin and State of Minnesota. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5.      Defendant, Stellar Recovery, Inc., is a Florida corporation engaged in the business of collecting debts in Minnesota. Defendant's principal place of business is located at 1845 Highway 93 South, Suite 310, Kalispell, Montana, 55901. Defendant is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

## FACTS

6.      On or around November 29, 2012, Defendant made the first of many phone calls to Plaintiff's cellular telephone in an attempt to collect a debt that belongs to a person named, "Shelly Carlson."

7.      Plaintiff is not "Shelly Carlson." Plaintiff does not know or have any contact with a person named, "Shelly Carlson."

8.      Upon information and belief, the debt Defendant was attempting to collect was a financial obligation that was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## TELEPHONE CONSUMER PROTECTION ACT

9.      At all times relevant to this complaint, the Plaintiff was and is a "person," as defined by the TCPA 47 U.S.C. § 153(32).

10.     At all times relevant to this complaint, Defendant has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

11.     The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

12.     Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

13.     At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

14.     At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### SPECIFIC CALLS

15.     Paragraphs 16 - 64 describe some of the collection calls Defendant made to Plaintiff's cellular telephone using an automatic telephone dialing system and an artificial or prerecorded message.

16.     On November 29, 2012, at 6:48 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9484.

17.     On December 4, 2012, at 4:33 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone

number displayed on Plaintiff's caller ID was 651-829-8654. Defendant left the following

automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone,

which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

18.     On December 10, 2012, at 3:07 p.m., Defendant placed a phone call to

Plaintiff's cellular telephone using an automatic telephone dialing system. The phone

number displayed on Plaintiff's caller ID was 651-829-8654. Defendant left the following

automated message on Plaintiff's voicemail:

> ""…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone,

which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

19.     On December 11, 2012, at 6:24 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9484. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

20.     On December 12, 2012, at 6:06 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

21.    On December 13, 2012, at 6:09 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

22.    On December 14, 2012, at 12:07 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9484. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three

> second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

23.     On December 18, 2012, at 3:56 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

24.     On December 19, 2012, at 1:45 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654. Defendant left the following automated message on Plaintiff's voicemail:

"…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

25.     On December 21, 2012, at 4:12 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553.

26.     On December 22, 2012, at 1:29 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654.

27.     On December 22, 2012, at 1:29 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654.

28.     On December 27, 2012, at 11:13 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553.

29. On December 28, 2012, at 2:36 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654.

30. On December 31, 2012, at 12:47 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654.

31. On January 2, 2013, at 6:04 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

32. On January 3, 2013, at 11:16 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

33. On January 7, 2013, at 10:06 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

34.    On January 16, 2013, at 2:12 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9484. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

35.    On January 17, 2013, at 11:31 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553. Defendant left the following automated message on Plaintiff's voicemail:

> "…for Shelly Carlson. If you are not Shelly Carlson please hang up or disconnect. If you are Shelly Carlson please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Shelly Carlson. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three

second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

This message violated the TCPA, which prohibits making any call to a cellular telephone, which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

36.     On January 18, 2013, at 11:46 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

37.     On January 21, 2013, at 12:20 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

38.     On January 22, 2013, at 11:19 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

39.     On January 23, 2013, at 11:11 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553.

40.     On January 24, 2013, at 10:41 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-829-8654.

41.     On January 29, 2013, at 9:29 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-319-9553.

42.     On January 30, 2013, at 10:43 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

43.     On January 31, 2013, at 2:05 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

44.     On February 1, 2013, at 3:55 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

45.     On February 6, 2013, at 6:39 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

46.     On February 8, 2013, at 9:19 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

47.     On February 12, 2013, at 1:05 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

48.     On February 13, 2013, at 4:14 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

49.     On February 18, 2013, at 1:04 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

50.     On February 20, 2013, at 1:08 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

51.     On February 21, 2013, at 1:57 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

52.     On February 22, 2013, at 4:39 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

53.     On February 25, 2013, at 12:02 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

54.     On February 26, 2013, at 6:54 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

55.    On February 27, 2013, at 12:15 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

56.    On March 4, 2013, at 4:55 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

57.    On March 5, 2013, at 10:35 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

58.    On March 6, 2013, at 4:11 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

59.    On March 7, 2013, at 1:21 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 888-613-0234.

60.    On March 8, 2013, at 12:40 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

61.    On March 11, 2013, at 10:00 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

62.     On March 12, 2013, at 4:10 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

63.     On March 13, 2013, at 4:53 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

64.     On March 14, 2013, at 1:01 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 651-304-6061.

**EMOTIONAL DISTRESS**

65.     As a result of the Defendant's repeated violations of the FDCPA, TCPA and invasions of Plaintiff's privacy, Plaintiff suffered actual damages in the form emotional distress. Plaintiff suffered from headaches, anxiety, stress, anger, frustration, irritability and upset stomach, among other negative emotions and physical symptoms.

**COUNT I.**
**FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS**
**15 U.S.C. § 1692**

66.     Plaintiff repeats and incorporates by reference paragraphs 1 – 65.

67.     Defendant violated the Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to, the following contained in Paragraphs 67 – 73:

68.     Defendant violated 15 U.S.C. §§ 1692d and 1692d(5) by causing Plaintiff's cellular telephone to ring with the intent to annoy, abuse and harass Plaintiff.

69.     Defendant violated 15 U.S.C. §§ 1692b(3) and 1692c(b) by communicating with Plaintiff more than once.

70.     Defendants violated 15 U.S.C. §§ 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

71.     Defendant violated 15 U.S.C. §§ 1692e by using false, deceptive and misleading representations and means in connection with the collection of the alleged Debt.

72.     Defendant violated 15 U.S.C. §§ 1692e(11) by failing to identify itself as a "debt collector" as required by 15 U.S.C. § 1692e(11) in numerous voice mails left on Plaintiff's cellular telephone.

73.     Defendant violated 15 U.S.C. §§ 1692f by using unfair and unconscionable means to collect the Debt from Plaintiff.

### COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

74.     Plaintiff repeats and incorporates by reference paragraphs 1 - 73.

75.     Within the one year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

76.     Within the one year period immediately preceding this action, the Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

77.     The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

78.     As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

79.     Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

80.     Defendant made such calls willfully.

81.     Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

82.     Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

83.     Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### COUNT III.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

84.     Plaintiff incorporates by reference paragraphs 1 – 83.

85.   Congress recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

86.   Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully making phone calls to Plaintiff in violation of the TCPA. *See Owners Ins. Co. v. European Auto Works, Inc.* 695 F.3d 814, 819 – 820 (8th Cir. 2012) ("We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are " 'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase [].")(quoting *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

87.   Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

18

88.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

89.     The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

90.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT IV.
### NEGLIGENCE

91.     Plaintiff incorporates by reference paragraphs 1 – 90.

92.     Defendant knew or should have known that the phone calls Defendant made were illegal and would result in actual damages being suffered by Plaintiff.

93.     Defendant knew or should have known there was a high risk of harm to Plaintiff when it made illegal phone calls to Plaintiff's cell phone and Defendant proceeded to act in deliberate disregard and indifference to that risk.

94.     As a direct and proximate result of Defendant's violations of Plaintiff's privacy and the Telephone Consumer Protection Act, Plaintiff suffered actual damages in the form of emotional distress.

## COUNT V.
### VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-ANNOUNCING DEVICES LAW
### MINN. STAT. § 325E.27

95.     Plaintiff incorporates by reference paragraphs 1 - 94.

96. The use of autodialed messages using a pre-recorded and/or synthesized voice during the message is regulated, and in most cases prohibited by Minnesota law, unless there is an existing business relationship between the caller and the telephone subscriber. Minn. Stat. § 325E.26.

97. Plaintiff is a telephone "subscriber" as that term is defined by Minn. Stat. § 325E.26, sudb. 5.

98. Defendant is a "caller" as that term is defined by Minn. Stat. § 325E.26, subd. 3.

99. There was no preexisting business or personal relationship between Plaintiff and Defendant.

100. Plaintiff did not knowingly or voluntarily request, consent to, permit, or authorize the receipt of any messages from Defendant through the use of any "automatic dialing announcing device" as that term is defined by Minn. Stat. § 325E.26, subd. 2.

101. Defendant's use of an automatic dialing-announcing device to transmit information to Plaintiff and using multiple prerecorded and/or synthesized voice messages to communicate with Plaintiff, without her consent or a statutory right, constitutes numerous and multiple violations of Minn. Stat. § 325E.27.

102. As a result of Defendant's violations of Minn. Stat. § 325E.27, Plaintiff is entitled to all the penalties and remedies, including a private right of action to recover Plaintiffs' damages and reasonable attorney's fees and costs, as provided under Minn. Stat. §8.31

**PRAYER FOR RELIEF**

**THEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

## COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

1.      For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.      For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.      For an award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

## COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

4.      For a declaration that Defendant's telephone calls to Plaintiff violated the TCPA;

5.      For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3);

6.      For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

7.      For a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

8.      Such other or further relief as the Court deems proper;

## COUNT III.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

9.     For an award of actual damages for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

10.     For such other and further relief as may be just and proper.

## COUNT IV.
### NEGLIGENCE

11.     For an award of actual damages for the emotional distress suffered as a result of Defendant's negligence in an amount to be determined at trial; and

12.     For such other and further relief as may be just and proper;

## COUNT V.
### VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-ANNOUNCING DEVICES LAW
### MINN. STAT. § 325E.27

13.     For an award of all penalties and remedies, including actual damages against Defendant for its violations of Minn. Stat. § 325E.27 and reasonable attorney's fees and costs provided under Minn. Stat. § 8.31; and

14.     And such other and further relief as may be just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **May 17, 2013**

Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 544-1308
Email: mark@heaneylaw.com